## MARTIN KNOLL AND ANOTHER v. DONALD E. NUSSBAUM.

162 N. W. (2d) 233.

November 1, 1968—No. 41060.

*Thornton & Thornton,* for appellant.

*Johnson, Schmidt, Thompson & Schneider* and *John C. Lindstrom,* for respondents.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

On September 4, 1965, defendant, Donald E. Nussbaum, rear-ended a

car owned and operated by Martin Knoll in which his wife, Shirley Knoll, was riding as a passenger. An action to recover the damages was commenced and, liability having been admitted, the jury returned a verdict in favor of Shirley Knoll in the amount of $5,000 and for Martin Knoll in the amount of $3,529.39. In this court the only question is whether the trial court erred in denying defendant's motion for a new trial based upon the grounds that the amount of the verdict was excessive and reflected passion and prejudice.

The Knoll car, a 1956 Plymouth, was damaged beyond practical repair—a loss of about $250. Shirley Knoll sustained hospitalization expense in the amount of $108.55 (October 9 through 12, 1965), a medical bill in the amount of $121.50, and a drug bill in the amount of $30.70. Martin Knoll incurred a doctor bill in the amount of $20 and a drug bill in the amount of $51.40. The residual of the injury with respect to Mrs. Knoll at trial time (20 months after the accident) consisted of pain in the neck region on the basis of which her attending physician assigned a permanent disability of 5 percent. Martin Knoll was assigned a permanent disability of "less than 5 percent" based on somewhat similar complaints.

The Knolls operated a 300-acre farm in rural Kandiyohi County, maintaining dairy and feeder cattle. At the time of the accident they had one child, Wayne, 8 years of age. Before the accident, Mrs. Knoll helped her husband with the field work and assisted him with the chores, which included the care of a large herd of milk cows. She did her own housework and participated in church and school activities. After the accident, she was unable to do work which placed a strain on her neck. A "Thomas collar" to relieve this strain was used on occasion. Performance of her household duties was not seriously restricted although she needed some help. During the year and a half following the accident, she had pains in the neck region and a ringing sensation in her head. There was evidence that since the accident she has become nervous and irritable. To some extent, at least, Mrs. Knoll sustained a loss of earning capacity even though she was not engaged in employment for wages. See, Wilson v. Sorge, 256 Minn. 125, 97 N. W. (2d) 477.

In addition to the loss suffered by Martin Knoll because of his wife's

inability to help him with the farm work, he too suffered persistent neck pains since the accident which to some extent impeded his work.

Although there was competent medical evidence introduced by defendant in support of his claim that there was no permanent damage to plaintiffs resulting from the accident, we believe that affirmance is indicated by such decisions of this court as Kroeger v. Lee, 270 Minn. 75, 132 N. W. (2d) 727, and Colgan v. Raymond, 275 Minn. 219, 146 N. W. (2d) 530. We do not believe that Auger v. Rofshus, 267 Minn. 87, 125 N. W. (2d) 159; Romano v. Dibbs, 256 Minn. 332, 98 N. W. (2d) 146; or Vanderlinde v. Wehle, 274 Minn. 477, 144 N. W. (2d) 547, cited by defendant, are inconsistent with this determination.

Affirmed.